```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

L'AMORE CONSULTING LLC,

                         Plaintiff,

  -against-

SBS SERVICES, INC.

                        Defendant.

No. 23-CV-8475 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN. United States District Judge

    L'Amore Consulting, LLC ("Plaintiff") brings this action for breach of contract against SBS Services, Inc. ("Defendant"). (*See* First Amended Complaint ("FAC"), ECF No. 8.) Pursuant to Federal Rule of Civil Procedure 12(b)6), Defendant has moved to dismiss the FAC. ("Defendant's Motion", ECF No. 13.) Plaintiff has cross-moved for leave to file a Second Amended Complaint ("SAC", ECF No. 17-2). ("Plaintiff's Motion," ECF No. 16.) For the following reasons, Defendant's Motion is GRANTED in part and DENIED in part and Plaintiff's Motion is GRANTED in part and DENIED in part.

                                      **FACTUAL BACKGROUND**

    The following facts are taken from the SAC and assumed to be true for the purposes of Defendant's Motion.

    On or about July 15, 2022, Plaintiff and Defendant entered into a written Consulting Agreement (the "Agreement") whereby Plaintiff would provide Defendant with certain business development services for a term of one year. (SAC ¶ 8.) In exchange for Plaintiff's services, Defendant would pay Plaintiff $16,600 per month (the "Monthly Fee"). (*Id.* ¶ 11.) During the term of the Agreement, Plaintiff sent monthly invoices to Defendant requesting payment of the Monthly

Fee. (*Id.* ¶ 13.) The total amount Plaintiff billed to Defendant for its Monthly Fee was $199,200, but Defendant has paid only $190,900. (*Id.* ¶ 14.)

The Agreement also contemplated that that Defendant would pay Plaintiff bonuses ("Bonus Compensation") based on revenue that Plaintiff generated for Defendant in connection with specific projects, at an amount and structure to be agreed upon by the parties. (*Id.* ¶ 15.) The parties reached such an agreement regarding Bonus Compensation in connection with a particular project. (*Id.* ¶¶ 16-17.) During the term of the Agreement, Plaintiff sent regular invoices to Defendant requesting payment of its Bonus Compensation. (*Id.* ¶ 18.) The total amount Plaintiff billed to Defendant for Bonus Compensation was $ 454,536.96, but Defendant has paid only $161,610.60. (*Id.* ¶ 19.)

In or around March 2023, Defendant stopped accepting new business opportunities generated by Plaintiff. (*Id.* ¶ 20.)

## PROCEDURAL HISTORY

On September 26, 2023, Plaintiff filed suit against Defendant. (*See* ECF No. 1.) On October 17, 2023, Plaintiff filed the FAC. (ECF No. 8.) On February 6, 2024, Defendant filed the instant motion to dismiss (ECF No. 13), as well as a memorandum of law ("Def.'s MoL.," ECF No. 14) and a reply in support thereof and in opposition to Plaintiff's cross-motion for leave to amend ("Def.'s Reply," ECF No. 15). On the same day, Plaintiff filed the instant motion for leave to amend its complaint (ECF No. 16), as well as an opposition to Defendant's motion to dismiss ("Pltf.'s Opp.", ECF No. 18.)

**LEGAL STANDARDS**

I. <u>Motion to Dismiss</u>

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for "failure to state a claim upon which relief can be granted," a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court will accept the facts in a complaint as true "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows the Court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

II. <u>Leave to Amend</u>

Rule 15 of the Federal Rules of Civil Procedure applies to motions to amend the pleadings once the time for amending a pleading as of right has expired and provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). In general, amendments are favored because they "tend to facilitate a determination on the merits." *Zucker v. Porteck Global Servs. Inc.*, No. 13-CV-2674 (JS)(AKT), 2015 WL 6442414, at *4 (E.D.N.Y. Oct. 23, 2015) (citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend is within the discretion of the district court. *See Krupski v. Costa Crociere S.p.A.,* 130 S. Ct. 2485, 2489 (2010) (Rule 15(a) gives a district court discretion to decide whether to grant a motion to amend before trial").

Despite the liberal construction generally afforded Rule 15 which requires only that the movant provide "colorable grounds for the relief sought," *Kaster v. Modification Sys., Inc.*, 731 F.2d 1014, 1018 (2d Cir. 1984), "[w]here it appears that granting leave to amend is unlikely to be productive…it is not an abuse of discretion to deny leave to amend," *Lucente v. IBM Corp.,* 310 F.3d 243, 258 (2d Cir. 2002) (internal quotation marks and citation omitted). One appropriate basis for denying leave to amend is that the proposed amendment is futile. *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010).

A proposed amendment to a pleading is futile when it "could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.,* 796 F.3d 160, 164-65 (2d Cir. 2015); *see Lucente,* 310 F.3d at 258; *see also Zucker*, 2015 WL 6442414, at *4 ("A proposed amendment may be denied as futile where it has no merit or fails to demonstrate a cognizable or sufficient claim"). Hence, "[t]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss." *Melito v. Am. Eagle Outfitters, Inc.,* No. 14-CV-2440 (VEC), 2016 WL 6584482, at *2 (S.D.N.Y. Nov. 7, 2016) (quoting *Crippen v. Town of Hempstead*, No. 07-CV-3478 (JFB)(ARL), 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009)); *see Schwartzco Enterprises LLC v. TMH Mgmt., LLC,* 60 F. Supp. 3d 331, 338 (E.D.N.Y. 2014) ("Indeed, if the proposed amended complaint cannot survive the motion to dismiss, then plaintiffs' cross-motion to amend will be denied as futile") (internal quotation marks and citation omitted).

**DISCUSSION**

The Court begins by noting that where, as here, a plaintiff seeks to amend its complaint while a motion to dismiss is pending, the Court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020). Since the Defendant had adequate notice and time to respond to the proposed SAC, the Court will consider the Defendant's Motion in light of the new allegations contained in the SAC. *See Arthur Properties, S.A. v. ABA Gallery, Inc.*, No. 11 CIV. 4409 LAK, 2011 WL 5910192, at *6 (S.D.N.Y. Nov. 28, 2011); *see also Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 226 (E.D.N.Y. 2015). If the proposed SAC cannot survive Defendant's motion to dismiss, then Plaintiff's cross-motion to amend will be denied as futile. *See Schwartzco Enterprises LLC,* 60 F. Supp. 3d at 338–39.

I. <u>Breach of Contract</u>

Plaintiff's first cause of action against Defendant is for breach of contract. To adequately state a claim for breach of contract, Plaintiff must plead the existence of "(1) an agreement, (2) adequate performance by the [P]laintiff, (3) breach by the [D]efendant, and (4) damages." *See Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011). The parties do not appear to dispute the first two elements – namely, that the parties entered into a "valid, binding, and enforceable" Agreement in July 2022 and that Plaintiff performed its duties under the Agreement. (*See* SAC ¶¶ 9, 22.) Instead, the parties focus their majority of their briefing on whether Plaintiff has adequately alleged that Defendant breached the Agreement by failing to pay Plaintiff for its services. Defendant contends that, per the terms of the Agreement, it was under no obligation to accept all business opportunities generated by Plaintiff and therefore is not liable to

Plaintiff for payment. (Def.'s MoL at 5-6.) Plaintiff, conversely, argues that, absent any language in the Agreement affording Defendant discretion to reject business opportunities generated by Plaintiff, Defendant's refusal to accept Plaintiff's business opportunities constituted a breach. (Pltf.'s Opp. at 5-6.)

"Under New York law, the initial interpretation of a contract is a matter of law for the court to decide." *K. Bell & Assocs., Inc. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir. 1996) (citation and internal quotation marks omitted); *see also Apple Mortg. Corp. v. Barenblatt,* 162 F.Supp.3d 270, 281 (S.D.N.Y. 2016).[1] "The 'unambiguous provisions' of a contract 'must be given their plain and ordinary meaning.'" *Roberts v. Weight Watchers Int'l, Inc.,* 217 F. Supp. 3d 742, 749 (S.D.N.Y. 2016), *aff'd,* 712 F. App'x 57 (2d Cir. 2017) (quoting *White v. Cont'l Cas. Co.,* 9 N.Y.3d 264, 848 N.Y.S.2d 603, 878 N.E.2d 1019, 1021 (2007)). A contract is unambiguous when its "language has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Plan,* 7 F.3d 1091, 1095 (2d Cir. 1993) (citation and internal quotation marks omitted).

The Agreement, which Defendant attaches to its moving papers,[2] sets out that, for the term of the Agreement, Plaintiff will provide Defendant with consulting services ("Services") consisting of "analyzing [Defendant's] needs and current business obstacles, identifying projects, scoping potential business solutions, and improving sales by coordinating sales efforts with both inside and field sales representatives." (Agreement ¶ 1.) In exchange for Plaintiff's Services,

---

[1] The Agreement specifies that it "will be governed by and construed in accordance with the laws of the State of New York." (Agreement ¶ 37.)

[2] The Court can consider the Agreement for purposes of Defendant's Motion because the Agreement is incorporated by reference in the SAC and because it is integral to Plaintiff's claim for breach of contract. *See Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024) (explaining that in deciding a motion to dismiss, a district court may consider documents incorporated by reference in the complaint as well as those integral to a plaintiff's claims).

Defendant is liable to Plaintiff for the Monthly Fee, due within 30 days of receipt of invoice from Plaintiff. (*Id.* ¶¶ 7-9; *see also* SAC ¶¶ 11-12.) Finally, the Agreement makes clear that "there is no…condition affecting this Agreement except as expressly provided in this Agreement." (*Id.* ¶ 33.) Contrary to Defendant's argument, therefore, the Agreement gives Defendant no discretion to reject the business opportunities generated by Plaintiff's Services. Rather, once Plaintiff performs its Services, the Defendant is liable to Plaintiff for the Monthly Fee. Accordingly, Plaintiff is correct that Defendant's refusal to accept Plaintiff's performance of the Services constituted a breach of the Agreement. *See, e.g., Staples, Inc. v. W.J.R. Assoc.*, 2007 WL 1039523, at *3 (E.D.N.Y. Mar. 30, 2007) ("As a matter of law, there is a breach of contract when one party to the contract performs its obligation but the other party wrongfully refuses to accept performance."); 28 N.Y. Prac., Contract Law § 16:9 ("A party breaches its contractual obligations when it wrongfully refuses a tender of performance or fails to tender its own performance in response").

Defendant attempts to distinguish the cases, such as *Staples, Inc.*, 2007 WL 1039523, that Plaintiff cites for the proposition that refusal to accept performance constitutes a breach on the basis that "[t]hese cases addressed issues inherent to real estate transactions,…which bear no resemblance to the commercial agreement's provisions for referring and accepting new business opportunities." (Def.'s Reply at 4.) To the contrary, the New York Court of Appeals has applied this very principle in a commercial case for the sale and receipt of goods. *See Perlman v. M. Israel & Sons Co.*, 306 N.Y. 254, 257 (N.Y. 1954) (holding that refusal to accept tender of performance is a breach of contract that excuses further performance). Accordingly, Defendant's alleged refusal, without any basis in the Agreement, to accept tender of Plaintiff's performance constitutes an actionable breach of contract.

7

Plaintiff additionally alleges that, per the terms of the Agreement, Defendant was liable to Plaintiff for Bonus Compensation and that Defendant agreed to pay Plaintiff Bonus Compensation at a rate of twelve percent of the gross payments received by Defendant in connection with a particular project. (*See* SAC ¶¶ 15-17; *see also* Agreement ¶ 27.) Defendant, however, refused to pay Plaintiff the total amount due to it as part of the Bonus Compensation. (SAC ¶ 19.) The Court finds that Plaintiff's allegations are consistent with the terms of the Agreement and state an additional breach of the Agreement. Defendant's counterargument that, per the Agreement, Defendant was not obligated to pay Plaintiff Bonus Compensation and that any such compensation had to first be memorialized in signed writing is unpersuasive. (*See* Def.'s MoL at 6-7.) First, Plaintiff does not claim that Defendant owed Plaintiff Bonus Compensation in all instances – rather, it alleges precisely what the Agreement sets out, namely that "a bonus structure for specific projects [was] identified," Agreement ¶ 27, when the parties "agreed that Defendant would pay Plaintiff Bonus Compensation at a rate of twelve percent," SAC ¶ 17. Second, Paragraph 27 of the Agreement, which governs the issue of Bonus Compensation, nowhere requires that the amount or structure of Bonus Compensation be in writing and signed. (*See* Def.'s Reply at 6.) Rather, the Agreement only requires that that any amendment or modification of its terms or *additional* obligations above and beyond the Agreement be "evidenced in writing signed." (*See* Agreement ¶ 30.)

In sum, Plaintiff adequately states a claim for breach of contract stemming from Defendant's failure to pay the Monthly Fee and Bonus Compensation. As a result, the Court denies Defendant's Motion to the extent of dismissing Plaintiff's breach of contract claim and grants Plaintiff's Motion to amend its complaint to include the breach of contract claim as stated in the SAC.

II. <u>Account Stated</u>

Plaintiff asserts an account stated claim as its second cause of action. "Under New York law, an 'account stated' refers to a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due." *Arch Specialty Ins. Co. v. TDL Restoration, Inc.*, No. 18-CV-6712 (KMK), 2021 WL 1225447, at *9 (S.D.N.Y. Mar. 31, 2021) (quoting *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 197 (S.D.N.Y. 2009)). "[A]s a matter of law, [a] [d]efendant cannot be found liable on both an account stated claim…and a breach of contract claim…in connection with the same allegations of a failure to pay monies owed." *Wachtel & Masyr LLP v. Brand Progression LLC*, No. 11-CV-7398, 2012 WL 523621, at *1 (S.D.N.Y. Feb. 15, 2012). In other words, an account stated claim may not "be utilized simply as another means to attempt to collect under a disputed contract." *4Kids Ent., Inc. v. Upper Deck Co.*, 797 F. Supp. 2d 236, 249 (S.D.N.Y. 2011) (quoting *Martin H. Bauman Assocs., Inc. v. H & M Int'l Transp., Inc.*, 171 A.D.2d 479, 485 (1st Dep't 1991)).

Here, the SAC alleges nearly identical facts for both the breach of contract claim and the account stated claim. In fact, the account stated claim expressly incorporates the allegations set forth in the section detailing the breach of contract cause of action. (*See* SAC ¶ 26.) Furthermore, the damages stated for both claims are identical. (*Id.* ¶¶ 25, 29.) "Two claims are duplicative of one another if they 'arise from the same facts…and do not allege distinct damages.'" *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 165 (2d Cir. 2008) (quoting *Sitar v. Sitar*, 50 A.D.3d 667, 670, 854 N.Y.S.2d 536, 538 (2d Dep't 2008)). Because Plaintiff's account stated claim is "congruent with, and duplicative of, its claim for breach of contract," the Court dismisses the claim. *See 4Kids Entertainment, Inc.*, 797 F. Supp. 2d at 249; *see also Canon U.S.A., Inc. v. Sysorex Gov't Servs., Inc.,* No. 2:23-CV-8001 (DLI) (LGD), 2024 WL 1914347, at *6 (E.D.N.Y.

May 1, 2024) (dismissing account stated claim that was duplicative of breach of contract claim and sought identical damages); *Fort Prods., Inc. v. Men's Med. Clinic, LLC*, No. 15-CV-376, 2016 WL 797577, at *4 (S.D.N.Y. Feb. 23, 2016) (dismissing account stated claim where the amended complaint "allege[d] nearly identical facts for both the breach of contract claim and the account stated claim[,]" and where "the damages stated for both claims [were] identical").

### III. Implied Covenant of Good Faith and Fair Dealing

Plaintiff's third cause of action is for a breach of the implied covenant of good faith and fair dealing. "'In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance,' which 'embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Roberts,* 217 F. Supp. 3d at 751–52 (quoting *511 W. 232nd Owners Corp. v. Jennifer Realty Co.,* 98 N.Y.2d 144, 746 N.Y.S.2d 131, 773 N.E.2d 496, 500 (2002)). Breach of the implied duty of good faith and fair dealing, however, is "merely a breach of the underlying contract." *Fasolino Foods Co. v. Banca Nazionale del Lavoro,* 961 F.2d 1052, 1056 (2d Cir. 1992) (internal quotation marks and citations omitted). As a result, "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Joshi v. Trustees of Columbia Univ. in City of New York,* No. 21-418, 2022 WL 3205883, at *2 (2d Cir. Aug. 9, 2022) (quoting *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) (alterations omitted).

Here, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is based on the same facts as its claim for breach of contract. (*Compare* SAC ¶¶ 22, 23 *with id.* ¶¶ 32, 33.) As a result, Plaintiff's implied covenant claim is dismissed as redundant. *See Creaven v. Erickson,* No. 22-874-CV, 2023 WL 4247213, at *5 (2d Cir. June 29, 2023); *see also ICD Holdings*

10

*S.A. v. Frankel,* 976 F.Supp. 234, 243–44 (S.D.N.Y. 1997) ("A claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract.") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is GRANTED in part and DENIED in part. Defendant's Motion is granted insofar as Plaintiff's account stated and breach of the implied covenant of good faith and fair dealing claims are dismissed. Defendant's Motion is otherwise denied.

Plaintiff's motion for leave to amend its complaint is GRANTED and DENIED in part. Plaintiff's Motion is granted only insofar as Plaintiff's breach of contract claim, as pled in the Second Amended Complaint, survives. The Second Amended Complaint, minus the Plaintiff's second and third causes of action for account stated and breach of the implied covenant of good faith and fair dealing, is now the operative complaint.

Defendant is directed to answer or otherwise respond to Plaintiff's Second Amended Complaint by September 13, 2024. The parties are then directed to complete and file a Case Management Plan and Scheduling Order by September 20, 2024.

The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 13 and 16.

Dated:   August 23, 2024                                        SO ORDERED:
        White Plains, New York

                                                                     NELSON S. ROMÁN
                                                              United States District Judge